```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COLIN CHASE,

                     Plaintiff,            13-CV-6297T

         v.                                 **DECISION**
                                            **and ORDER**
BROTHERS INTERNATIONAL FOOD CORPORATION,

                     Defendant.
_____
```

INTRODUCTION

Plaintiff Colin Chase ("Chase"), a former employee of defendant Brothers International Food Corporation ("Brothers"), an importer and distributor of packaged foods, brings this action pursuant to the employee protection provision of the Food Safety Modernization Act, ("FSMA") (codified at 21 U.S.C. § 399d) claiming that he was unlawfully terminated from his employment in retaliation for raising concerns over the safety of food which Brothers was selling to customers. Specifically, plaintiff, who was the director of defendant's internet sales, alleges that after he raised concerns about the defendant allegedly altering the "sell by" dates of certain potato chips being sold by the defendant, and after raising concerns about the potential for bacterial contamination of partially re-hydrated apple crisps being sold by Brothers, the defendant attempted to force him to sign an agreement preventing him from disclosing his concerns outside the company, and then fired him when he refused to sign the agreement.

Defendant denies plaintiff's allegations and moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's Complaint for failure to state a claim. Specifically, Brothers contends that because Chase did not engage in protected activity under the FSMA, he cannot establish that he was fired as a result of engaging in protected activity. In support of this argument, Brothers contends that because Chase could not have reasonably believed that Brothers was violating the FSMA by re-hydrating apple crisps or re-dating expired potato chips, he can not state a claim for retaliation for having complained of such acts. Chase contends that he did have an objectively reasonable good-faith belief that Brothers was in violation of the FSMA, and therefore, he has stated a valid cause of action under that statute.

For the reasons set forth below, I find that the issue of whether or not the plaintiff held a reasonable belief that the defendant was violating the FSMA can not be determined from the pleadings, and therefore, defendant's motion to dismiss the Complaint for failure to state a claim must be denied.

## BACKGROUND

According to the Complaint, plaintiff Colin Chase began working for the defendant Brothers International Food Corporation in July, 2010 as the director of e-commerce. In April, 2012, Chase allegedly alerted a manager at Brothers, and a co-CEO of Brothers, that expired potato chips were being sold online by Brothers.

Although plaintiff claims that the chips were "expired," defendant contends that the chips had not in fact expired, but instead had passed their "best by" date. Chase alleges that he was told by co-CEO Travis Betters ("Betters") to halt sales of the chips until stickers with new dates could be placed over the expired dates. Chase contends that he was told by Betters to explain that the chips had originally been dated for sale in Europe if anyone asked why the dates had been changed. According to Chase, Brothers routinely sold expired products, and routinely altered the printed expiration dates on products.

Thereafter, Chase allegedly reported to Betters that a batch of Fuji Apple Fruit Crisps that were being sold by Brothers had become soggy. According to the Complaint, Chase was concerned that the soggy crisps might be subject to an increased risk of bacterial contamination. Betters allegedly told Chase to continue to sell the crisps, and to give discount coupons to any customers who complained about the products.

Following these incidents in which Chase raised concerns about Brothers' practice of selling expired products or products which may have been compromised in terms of their quality, Chase was called into a meeting with Matt and Travis Betters, the co-CEO's of the Company, and was asked to "prove his loyalty" to the Company by signing a non-disclosure/non-competition agreement, pursuant to which Chase would not be allowed to discuss his concerns about Brothers' practices with anyone outside of the Company. Plaintiff's request for additional time to review the agreement

with an attorney was denied, following which Brothers fired him for his refusal to sign the agreement.  Thereafter, Brothers filed a civil action in this Court accusing Chase of, inter alia, misappropriating confidential documents and information, including trade secrets.  The action was voluntarily withdrawn by Brothers on September 18, 2013, and according to the Complaint, Brothers has brought an action against Chase in New York State Supreme Court.

DISCUSSION

I. Defendant's Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

> II. Plaintiff Has Stated a Prima Facie Claim of Retaliation Under the FSMA.

> A. The Standard for Stating a Prima Facie Case of Retaliation under the FSMA.

Chase alleges that he was retaliated against in violation of the FSMA for raising concerns about food safety to his bosses at Brothers. Specifically, he claims that after he questioned Brothers' alleged practice of re-dating expired food items, and selling crisps that he believed were compromised in quality, he was forced to sign a non-disclosure agreement, and fired when he refused to sign such an agreement.

> The FSMA provides in relevant part that:

>> No entity engaged in the manufacture, processing, packing, transporting, distribution, reception, holding, or importation of food may discharge an employee or otherwise discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee, whether at the

>    employee's initiative or in the ordinary
>    course of the employee's duties ...
>
>    (1) provided, caused to be provided, or is
>    about to provide or cause to be provided to
>    the employer, the Federal Government, or the
>    attorney general of a State information
>    relating to any violation of, or any act or
>    omission the employee reasonably believes to
>    be a violation of any provision of this
>    chapter or any order, rule, regulation,
>    standard, or ban under this chapter, or any
>    order, rule, regulation, standard, or ban
>    under this chapter;
>
>    ...
>
>    (4) objected to, or refused to participate in,
>    any activity, policy, practice, or assigned
>    task that the employee (or other such person)
>    reasonably believed to be in violation of any
>    provision of this chapter, or any order, rule,
>    regulation, standard, or ban under this
>    chapter.

21 U.S.C.A. § 399d(a). Although there are no reported cases discussing a cause of action for retaliation under the FSMA, the standard for stating a cause of action for retaliation under the FSMA can be formulated from the language of the statute combined with the well-known standard for stating a claim of retaliation under other laws such as the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. Generally, under those statutes, to state a claim for retaliation, a plaintiff must establish: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection between the protected

activity and adverse action.  Burlington Northern & Santa Fe Railway Co. V. White, 548 U.S. 53, 68 (2006); Holt v. KMI-Continental, 95 F.3d 123, 130 (2d Cir. 1996), cert. denied, 1997 WL 71191 (May 19, 1997); Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2nd Cir. 1995) (citations omitted).

This standard for stating a claim of retaliation under anti-discrimination laws can largely be adopted for claims arising under the FSMA, with the modification that the "protected activity" set forth in the standard for stating a prima facie claim under the FSMA refers to activity that is explicitly protected under the FSMA as set forth in 21 U.S.C. § 399(d).  Specifically, protected activity under the FSMA includes, but is not limited to, providing information to an employer about conduct that the employee "reasonably believes to be a violation of any provision" of the FSMA, or objecting to or failing to participate in any conduct that the employee "reasonably believed" was in violation of the FSMA.  21 U.S.C. § 399d(a).  Accordingly, I find that to state a claim for retaliation under the FSMA, a plaintiff must establish (1) participation in a protected activity under the FSMA known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from exercising protected rights under the FSMA, and (3) a causal connection between the protected activity and adverse action.

The determination of whether or not an employee holds a "reasonable belief" as to whether or not an employer's conduct is prohibited by law is a question of fact that is to be determined by

the trier of fact based on the "totality of the circumstances." Casalino v. New York State Catholic Health Plan, Inc., 2012 WL 1079943 (S.D.N.Y. Mar. 30, 2012)("Whether Plaintiff's belief [that employer was violating anti-discrimination laws] was objectively reasonable ... is a decision for the trier-of-fact based on the record in the case.")(citing Thomas v. Westchester Cnty. Health Care Corp., 232 F.Supp.2d 273, 279 (S.D.N.Y.2002); Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C., 716 F.3d 10, 14-15 (2d Cir.2013) (holding that in the Title VII context, "[t]he reasonableness of the plaintiff's belief [as to whether defendant's conduct was unlawful] is to be assessed in light of the totality of the circumstances."). Although the determination of whether or not an employee holds a reasonable belief as to the lawfulness of an employer's conduct may be made by the court where there are no issues of fact in dispute and no reasonable jury could determine that the employee's belief was reasonable, the finding as to the reasonableness of an employee's belief is typically an issue of fact for the jury, and not an issue that can decided as a matter of law. See e.g. Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir.1996)(affirming jury's conclusion that plaintiff reasonably and in good faith believed that she was the victim of a "hostile work environment.").

Whether or not an employer has actually violated the law at issue is not a consideration in determining whether or not an employee holds a reasonable belief that the law has been violated. It is well settled that an employee's mistaken belief that an

employer has violated a law may nevertheless be reasonable provided that the totality of the circumstances establishes that a reasonable employee considering the same facts could have concluded that the employer had violated the law. Casalino, 2012 WL 1079943, *11 (despite court's finding that defendant's conduct did not violate Title VII, "the question on the retaliation claim is whether Plaintiff possessed a good faith, reasonable belief that it did.") (citing Martin v. State Univ. of N.Y., 704 F.Supp.2d 202, 228 (E.D.N.Y.2010)). As the Second Circuit Court of Appeals stated in Reed, with respect to a retaliation claim filed in a Title VII discrimination case, "an employee 'need not establish that the conduct [s]he opposed was in fact a violation of Title VII' but rather, only that she had a 'good faith, reasonable belief' that the underlying employment practice was unlawful. Reed, 95 F.3d at 1178 (quoting Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988)).

    B.    Defendant has failed to establish that Plaintiff did not hold a reasonable belief that Brothers' practices violated the FSMA.

Plaintiff contends that he has stated a prima facie case of retaliation under the FSMA because he has alleged that he: (1) engaged in the protected activity of complaining to management regarding re-dating products and selling products which might be subject to bacterial contamination; (2) was fired, and (3) was fired as a direct response to his making complaints regarding violations of the FSMA.

The defendant contends that Chase has failed to state a prima facie case of discrimination because he has failed to establish that he engaged in protected activity under the FSMA. Specifically, defendant contends that selling food products after an expiration date is not a violation of the FSMA, and Chase could not have reasonably believed that selling food products after an expiration date violated the FSMA. Defendant argues that because Chase could not have reasonably believed he was complaining about a practice that violated the FSMA, his conduct was not protected under the FSMA, and therefore, he has failed to establish that he engaged in protected activity. With respect to Chase's complaints that apple crisps being sold by Brothers could be subject to bacterial contamination, defendant alleges that because Chase did not have evidence of any increased susceptibility to bacterial contamination, and does not have any independent knowledge of food safety, he could not have had a reasonable, good faith belief that the selling of the apple crisps in question would violate the FSMA. Brothers contends that because there was no reasonable basis for believing that the selling of the apple crisps would violate the FSMA, any complaints regarding the selling of such products are not protected under the FSMA, and therefore plaintiff has failed to establish that he engaged in protected activity under the FSMA with respect to his complaints regarding the apple crisps.

As stated above, it is not necessary for a plaintiff claiming retaliation to establish that the conduct he complained of was actually unlawful. Reed, 95 F.3d at 1178. Accordingly, evidence

that the practice objected to by the plaintiff is in fact lawful will not defeat a plaintiff's claim of retaliation. Rather, a defendant must establish that the plaintiff did not have a reasonable belief that the practice he was opposing was unlawful. Such a determination can only be made upon a review of the totality of the circumstances.

In the instant case, the parties have engaged in no discovery, and there is no record regarding the circumstances under which plaintiff came to his conclusion that Brothers' practices violated the FSMA. Because there is no factual record upon which a trier of fact could make any determination as to the reasonableness of plaintiff's beliefs, the court can not hold, as a matter of law based on no factual foundation, that plaintiff's belief was unreasonable.

Brothers contends that plaintiff's belief was unreasonable as a matter of law because it is not illegal under the FSMA to redate food. This argument, however, ignores the fact that a plaintiff may have a reasonable, though mistaken belief, that certain conduct violates the FSMA. Defendant next argues that plaintiff's belief was unreasonable because it is general knowledge that redating food is not illegal, and because there is a single reported Seventh Circuit Court of Appeals case in which a criminal defendant's conviction for redating food was overturned. U.S. v Farinella, 558 F.3d 695, 698 (7th Cir., 2009). Brothers asserts that the Farinella case, in which the Seventh Circuit Court of Appeals overturned a criminal conviction for introducing into interstate

commerce misbranded food with intent to defraud or mislead (in violation of 21 U.S.C. § § 331(a), 333(a)(2)) stands for the proposition that it is not illegal to redate food products, and that a reasonable employee would have known that redating of food is not unlawful.

The <u>Farinella</u> case, however, does not serve as a general warning to all food industry employees across the country informing them that redating food products is not illegal. Rather, the court in <u>Farinella</u>, after reviewing the federal law defining "misbranded food" (21 U.S.C. § 343) affirmed that misbranding of food can be illegal if it can be proven to be "false or misleading in any particular." <u>Farinella</u> at 558 F.3d at 698. Based on this construction of the law, the <u>Farinella</u> court simply held that the proof at the defendant's trial failed to establish that consumers considered redating food to be misleading. Because no such proof had been admitted at trial, the criminal defendant's conviction could not stand. Such a holding does not establish, as defendant argues, that redating of food at any time by the seller of that food is lawful.

Next, Brothers contends that Chase has failed to establish that he reasonably believed that Brothers was violating the FSMA because he has failed to identify the particular provision of the FSMA that was allegedly violated. This argument fails both because there is no requirement that a plaintiff identify the specific provision of a law he or she believes is violated, and also because in a case where a plaintiff has a mistaken belief that a law is

violated, that plaintiff would be unable as a matter of law to identify the provision allegedly violated.

Defendant further argues that a reasonable person would have investigated whether or not selling food after a "best by" date constitutes a violation of the FSMA, and that had plaintiff investigated, he would have determined that the use of "best by" dates is discretionary within the food industry, and food vendors are allowed to sell food past an "expiration" or "best by" date. This argument, however, ignores plaintiff's allegations that he was advised to actually change dates on food items, and then lie about the reason for the date change.  Accordingly, plaintiff did not simply complain about selling outdated items, but also complained that the dates were being altered, and the explanation offered for changing the dates was false.  Whether or not it was reasonable for the plaintiff to believe that such conduct violated the FSMA cannot be determined on this record, which is completely devoid of facts regarding the circumstances that led plaintiff to complain of the defendant's practices.

Brothers claims that because Chase was not responsible for food safety at the company, and had no independent basis for knowing or determining whether or not the food products sold by Brothers were safe for consumption, he was unqualified to complain about food safety under the FSMA.  There is, however, no requirement under the FSMA that complaints about food safety practices may only be made by certain classes of employees, or only employees with certain credentials.

Defendant further argues that because no consumers complained of the practice of selling products after the expiration of the "best by" dates listed on them, plaintiff had no basis for complaining of the practice. Again, however, there is no provision in the FSMA that prohibits an employee from complaining of food safety issues where there have been no consumer complaints.

Finally, Brothers contends that there is no allegation or proof that the apple crisps it sold were unsafe, and therefore Chase could not have had a good faith, reasonable belief that Brothers was violating the FSMA by selling such products. There is, however, no provision in the FSMA requiring that food products sold be unsafe as a condition for having a reasonable belief that a food seller is violating the FSMA.

## CONCLUSION

For the reasons set forth above, I find that defendant has failed to establish as a matter of law that the plaintiff could not have held a reasonable good faith belief that Brothers' conduct constituted a violation of the FSMA. Accordingly, I find that Chase has stated a prima facie case of retaliation, and I deny defendant's motion to dismiss.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         February 27, 2014